J. JONES, J.,
specially concurring.
I concur in the Court’s opinion in all respects. Although not necessary to the decision of the issues presented on appeal, it is worth observing that a litigant’s interests are not always best served by taking an all-or-nothing approach in the litigation. That appears to have been the situation in this case. Had Idaho Development not taken the position that the entire $1,100,000 paid to Teton View was a loan, it would likely have fared much better in district court. Based on the facts contained in the record, Idaho Development could have presented a strong case that its loan to Teton View was initially in the amount of $800,000 and that the loan was subsequently amended to $850,000. The documentation provides substantial support for this view. A loan of $850,000, which would result in an equity contribution of $250,000, would be difficult to dispute. By trying to extend its secured interest to the entire $1,100,000, Idaho Development simply overplayed its hand. By taking an all-or-nothing posture in the litigation, Idaho Development muddled its message and jeopardized what appeared to be a legitimate claim to secured priority for the $850,000 amount. If the entire $1,100,000 was a loan, that would leave the company with no equity. The district court appears to have been frustrated by this all-or-nothing position, resulting in the characterization of the entire payment as equity.
On the other hand, the respondents have not ultimately benefitted by asserting an all- or-nothing position on their own behalf. Had they recognized the implausibility of the entire payment to Teton View being characterized as an equity contribution, and offered some proof as to how the payment should be divided between the equity pot and the loan pot, they may well have fared somewhat better.
On remand, the parties will have an opportunity to dispense with their all-or-nothing positions and present a more realistic picture to the district court. They would be well advised to do so.